**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| SHAWN SEALS, <br> on behalf of himself individually and <br> all other similarly situated employees, <br><br> *Plaintiffs*, <br><br> vs. <br><br> GULLY TRANSPORTATION, INC. <br> Serve: Registered Agent <br> DTLC&M Service Company, Inc. <br> 700 W. 47th Street <br> Suite 410 <br> Kansas City, MO 64112 <br><br> *Defendant*. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. |

# COMPLAINT

Plaintiff Shawn Seals worked for Defendant as a Yard Hostler. At all relevant times herein, Defendant classified Seals and other Yard Hostlers as exempt employees under the Fair Labor Standards Act (FLSA), meaning that Seals was not eligible to receive overtime compensation under Defendant's uniform compensation plan. As alleged herein, Defendant improperly classified Seals and other Yard Hostlers as exempt employees, and Defendant improperly withheld overtime compensation from Seals and all other Yard Hostlers. Seals brings this case on behalf of himself and all other similarly situated Yard Hostlers employed by Defendant and seeks unpaid overtime compensation.

In support of his Amended Complaint, Seals respectfully submits the following:

## PARTIES

1. Defendant presently employs Seals as a Yard Hostler and has since 2020. Seals worked at Defendant's location in Kansas City, Missouri, and at all relevant times herein, was paid on an hourly basis. Seals' Consent to Become a Party Plaintiff is attached as **Exhibit A**.

2. Defendant Gully Transportation ("Gully" or "Defendant") provides transportation services, such as over-the-road trucking, intermodal service, drayage service, logistics and warehousing around the Country. Defendant is an Illinois Company but can be served in Missouri via its registered agent, DTLC&M Service Company, Inc., 700 West 47th Street, Suite 410, Kansas City, MO 64112-1922.

## JURISDICTION AND VENUE

3. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claim brought under the FLSA, 29 U.S.C. §§ 201, *et seq.*

4. The venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), inasmuch as the Defendant has its offices, conducts business, and can be found in this judicial district, and because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district. The venue is also proper under 29 U.S.C. §1132(e)(2) because the Defendant has substantial business contacts within the state of Missouri.

## FACTUAL ALLEGATIONS

5. Defendant Gully is an Illinois for-profit corporation.

6. At all relevant times, Defendant has been and continues to be an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendant has employed, and/or

continues to employ, "employee[s]," including Plaintiff and all similarly situated employees. At all relevant times, Defendant has had gross operating revenues in excess of $500,000.00.

7. By way of overview, a Yard Hostler operates a "hostler tractor," which is connected to freight trailers to transport the trailers from a staging area to loading docks at Defendant's facility. These duties are all performed on the private property of Defendant. Yard Hostlers do not maintain a Commercial Driver's License, do not transport goods in interstate commerce, and do not load, help drive, or service tractor-trailers in interstate commerce. Many Yard Hostlers, including Seals, do not operate as drivers, driver's helpers, loaders, or mechanics.

8. All Yard Hostlers are similarly situated in that they do not operate as a driver, driver's helper, loader or mechanic and are all subject to Defendant's uniform policy and practice that designated and/or treated them as exempt employees. Accordingly, all Yard Hostlers perform work without overtime compensation.

9. Because Defendant's Yard Hostlers do not satisfy the criteria for exempt employees, Defendant should classify them as non-exempt employees, making them eligible for overtime compensation when they work over forty hours per week. *See, e.g., Truck Alexander v. Tutle & Tutle Trucking, Inc.,* 834 F.3d 866 (8th Cir. 2016). In this respect, the Defendant's Yard Hostlers are uniformly misclassified as exempt from overtime for compensation purposes.

10. Defendants pay Yard Hostlers on an hourly basis. Upon information and belief, Defendant does not pay its Yard Hostlers for all hours worked because Yard Hostlers' hours are rounded to the next lowest whole number in each paycheck.

11. Defendant pays its Yard Hostlers on a weekly basis. Throughout the relevant period, Plaintiff regularly worked over 40 hours per week, but he was not compensated at a rate of at least one and one-half times her regular rate for hours worked in excess of 40 in a workweek.

12. In light of Defendant's failure to accurately record time worked by all Yard Hostlers, Defendant fails to provide accurate wage statements to all Yard Hostlers.

13. Plaintiff and others similarly situated typically worked over 50 hours per week.

14. Plaintiff and others similarly situated were not paid one- and one-half times their regular rate of pay for all hours worked in excess of 40 in a workweek.

15. Because Defendant misclassified Plaintiff and other Yard Hostlers as an exempt employee and they worked in excess of forty hours per week, Plaintiff and all other Yard Hostlers are entitled to overtime compensation.

16. The same unlawful practices and procedures described above affect all Yard Hostlers (who do not operate as a driver, driver's helper, loader or mechanic) working for Defendant.

## COUNT I
### Violation of the Fair Labor Standards Act
### (Brought by Plaintiff and the Proposed Collective Against Defendant)

17. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint.

18. During the relevant period, Plaintiff did not operate as a driver, driver's helper, loader or mechanic. Defendant employs other Yard Hostlers who, like Plaintiff, does not operate as a driver, driver's helper, loader or mechanic.

19. Defendant classifies Yard Hostlers as exempt employees under the FLSA. Thus, Defendant does not pay Yard Hostlers overtime compensation.

20. But Plaintiff and other Yard Hostlers do not perform jobs that would place them under any of the FLSA's exemptions from overtime compensation. For example, Plaintiff and other Yard Hostlers do not operate as drivers, driver's helpers, loaders or mechanics in interstate commerce. In this respect, the Defendant misclassifies their Yard Hostlers.

21. All similarly situated Yard Hostlers working for Defendant are similarly situated in that they all perform essentially the same respective job functions and do not operate as drivers, driver's helpers, loaders or mechanics.

22. All similarly situated Yard Hostlers are similarly situated in that they are all subject to the Defendant's same compensation policy, plan, or procedure that requires them to perform work and/or to be present at work without paying them overtime. This denies the similarly situated Yard Hostlers their overtime compensation.

23. The Defendant's policy and practice of classifying similarly situated Yard Hostlers as exempt employees and denying them overtime compensation violates the FLSA.

24. Plaintiff brings this Complaint as a collective action pursuant to 29 U.S.C. § 216(b) of the FLSA on behalf of:

> All persons nationwide who were, are or will be employed by Defendant as Yard Hostlers who do not operate as a driver, driver's helper, loader or mechanic in interstate commerce from November 8, 2020 to the present, plus periods of tolling, who have not been compensated at one and one-half times the regular rate of pay for all services performed in excess of forty hours per week.

25. This claim is being brought and maintained as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) of the FLSA for all claims asserted by Plaintiff because his claims are similar to the claims of the similarly situated Yard Hostlers.

26. The number and identity of other similarly situated Yard Hostlers yet to opt-in and consent to be party plaintiffs may be determined from Defendant's records, and potential class members may easily and quickly be notified of the pendency of this action.

27. Defendant failed to compensate Plaintiff and the similarly situated Yard Hostlers at a rate of not less than one and one-half times the regular rate of pay for work performed in excess

of forty hours in a work week, and therefore, Defendant has violated, and continues to violate, the FLSA, 29 U.S.C. § 201, *et seq.,* including 29 U.S.C. § 207(a)(1).

28.     The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

29.     Plaintiff, on behalf of himself and all similarly situated employees of Defendant, seeks damages in the amount of all respective unpaid overtime compensations at a rate of one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, plus liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

30.     Plaintiff, on behalf of himself and all similarly situated employees of Defendant who compose the similarly situated Yard Hostlers, seek recovery of all attorneys' fees, costs, and expenses of this action, to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

WHEREFORE, concerning Plaintiff's Count I for Defendant's alleged violation of the FLSA, Plaintiff prays for relief as follows:

1.     Designation of this action as a collective action on behalf of the Yard Hostlers and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative representative action plaintiffs (the FLSA opt-in class), apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual consents to join pursuant to 29 U.S.C. § 216(b);

2.     Designation of Plaintiff Seals as Representative Plaintiff of the Yard Hostlers;

3.     Designation of undersigned counsel as the attorneys representing the putative collective action Plaintiffs;

4. A declaration that the Defendant is financially responsible for notifying Yard Hostlers of their alleged wage and hour violations;

5. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

6. An award of damages for overtime compensation due for Plaintiff and the Yard Hostlers, including liquidated damages, to be paid by Defendant; and/or

7. Pre-judgment and post-judgment interest, as provided by law; and

8. Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right to trial by jury.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff hereby requests the trial be held in Kansas City, Missouri

## CIVIL COVER SHEET

A Civil Cover Sheet is attached hereto as **Exhibit B.**

**HKM EMPLOYMENT ATTORNEYS LLP**

By: */s/ Kevin A. Todd*
John J. Ziegelmeyer III    MO No. 59042
Brad K. Thoenen           MO No. 59778
Kevin A. Todd             MO No. 73048
Ethan A. Crockett         MO No. 74921
jziegelmeyer@hkm.com
bthoenen@hkm.com
ktodd@hkm.com
ecrockett@hkm.com
1501 Westport Road
Kansas City, Missouri 64111
816.875.9339

and

**The Hodgson Law Firm, LLC**

Michael Hodgson   MO Bar No. 63677

3609 SW Pryor Road
Lee's Summit, MO 64082
Tel: 816.600-0117
Fax: 816.600-0137
mike@thehodgsonlawfirm.com


ATTORNEYS FOR PLAINTIFF