IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| Shawn Seals | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:23-cv-00824-RK |
| | ) | |
| | ) | |
| Gully Transportation, Inc. | ) | |
| Defendant. | ) | |

**PLAINTIFF'S CONSENT MOTION TO CERTIFY SETTLEMENT CLASS
AND APPROVE FLSA SETTLEMENT**

At a mediation on March 4, 2024, the Parties reached an agreement in principle to settle this case. Now, Plaintiff Shawn Seals seeks, and Defendant Gully Transportation, Inc. does not oppose: (1) certification of a collective of individuals under Section 216(b) of the Fair Labor Standards Act (the "FLSA Collective") for purposes of administering the settlement, and (2) approval of the Settlement Agreement, attached as **Exhibit A**, and (3) approval of the notice and claims submission process outlined below and in the Settlement Agreement.

I. **Facts and Procedural History**

The Named Plaintiff, Shawn Seals, filed this lawsuit on November 8, 2023, alleging that his employer violated the Fair Labor Standards Act ("FLSA") when it failed to pay him overtime for hours worked in excess of 40 per week. Plaintiff sought relief on behalf of himself and a collective of all persons who were employed as "yard hostlers" for Defendant Gully Transportation, Inc. ("Gully") from November 8, 2020 to the present. [Complaint, Doc. #1]. The parties conducted a detailed review of the facts and circumstances underlying Plaintiff's allegations, including an individual analysis of putative class members' time and pay records for the statutory period. On March 4, 2024, the Parties mediated the matter with Dave Vogel, who is

experienced in employment litigation generally, and with wage and hour mediations in particular. The matter resolved at that mediation.

Named Plaintiff and class counsel believe the claims asserted in this litigation have merit, and that the evidence developed to-date supports the claims asserted. Named Plaintiff and class counsel also recognize, however, that there is a risk of losing the case should they move forward, that putative class is small (5 employees), and consequently that class-wide damages are relatively low for this type of case. With that in mind, and given the agreed terms, Plaintiff and counsel believe the settlement confers substantial benefit on the class members now while avoiding the risk and expense of trying and potentially appealing a complex case. Defendant denies that Plaintiff's claims have merit and denies wrongdoing, but wishes to avoid the uncertainty and risk attendant with further litigation.

The main terms of the agreement are as follows:

- The settlement creates and makes available a common fund of $24,500 to settle the claims of the five class members

- Detailed notices will be provided to the class members after approval of the settlement, apprising class members of, among other things:
    - Their individual settlement amounts
    - Their right to participate in the settlement if they so wish, and
    - The procedure for claiming monies;

- Non-named settling Plaintiffs will only release the wage and hour claims arising out of their work as yard hostlers for Defendant.

- Attorneys' fees will comprise one-third of the fund ($8,166.67).

- Costs will total approximately $477.38

- Settlement administration costs will be handled by Plaintiff's counsel

- The Named Plaintiff will receive a service award of $1,000 for service that he provided during the litigation, and in exchange for a general release of all claims.

**II.    Question Presented**

Should the Court grant Plaintiffs' motion to approve the settlement of this case when the settlement is fair, reasonable and provides an immediate, significant benefit to the class members who affirmatively chose to participate, and ends contested litigation prior to trial?

**III.   Argument**

The standard for court approval is straightforward under the FLSA: a district court should approve a fair and reasonable settlement if it was reached through contested litigation to resolve a bona fide dispute under the FLSA. *Garcia v. Triumph Foods*, Case No. 11-6046-CV-SJ-ODS (W.D. Mo. July 12, 2012) (citing *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1352-54 (11th Cir. 1982)). First, the court must be satisfied that the settlement was the product of "contested litigation." *Id.* (citing *Lynn's Food Stores, Inc.*, 679 F.2d at 1353). Second, the court must inquire as to whether the settlement involves a fair and reasonable resolution of a bona fide dispute between the Parties under the FLSA. *Id.* Typically, courts rely on the adversarial nature of a litigated FLSA case resulting in an arms-length settlement as indicia of fairness. *Id.* If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement. *Id.* Plaintiffs respectfully submit that this Court should conclude that the parties' settlement is a reasonable resolution of a *bona fide* dispute in contested litigation. Additionally, "a final certification finding is required when the parties propose to settle an FLSA collective action." *Adams v. City of Kansas City*, 19cv093, 2022 WL 949815, at *2 (W.D. Mo. Mar. 29, 2022).

**A. The settlement is the result of a bona fide wage and hour dispute**

Plaintiff brought this lawsuit as a result of a bona fide wage and hour dispute with his employer. It is undisputed that Plaintiff and others similarly situated were not paid an overtime rate of 1.5 times their regular hourly rate for hours worked in excess of forty per week. The parties

disputed whether Plaintiff and the other prospective class members were owed an overtime rate, or if they instead were subject to the motor carrier exemption in the FLSA, set forth at 29 U.S.C. § 213(b)(1). Plaintiff contended that he and other "yard hostlers" employed by Defendant are not exempt from overtime and were thus entitled to the wage premium. [Complaint, Doc. #1 at ¶¶7-9]. Defendant contended that Plaintiff and others similarly situated were exempt under the motor carrier exemption. [Affirmative Defenses, Doc. #6 at p.7, ¶¶ 17-19].

### B. The settlement is the fair and reasonable result of contested litigation

This case was the result of contested litigation. In determining whether an FLSA settlement is fair and reasonable, "courts consider several factors, including but not limited to (1) the stage of litigation during which the settlement was reached; (2) the complexity, expense, and likely duration of the remaining litigation; (3) whether the settlement is the product of arm's length negotiations; and (4) whether the settlement's value outweighs the potential recovery if litigation continues." *Adams*, 2022 WL 949815, at *3. Each of those factors supports approval of the settlement here.

This case resolved only after Defendant produced pay stubs and time records for all members of the class, which Plaintiff's counsel was able to analyze in advance of mediation. While the Parties had not yet conducted depositions or completed all written discovery, they were in a position to analyze the amount of unpaid wages potentially at issue and analyze their relative risk. Based on the records produced, Plaintiff's counsel calculated class-wide damages for the five class members to be $20,851.18, with the possibility for liquidated damages to double that amount under the FLSA. As such, the $15,855.95 payment to the class after attorneys' fees, costs, and the requested service award for Mr. Seals represents a recovery of 76% of the calculated base damages.

The complexity, duration, and likely expense of remaining litigation also weigh in favor

of settlement. The Plaintiffs and their counsel learned that the potential collective action only had five members, some of whom had worked very few overtime hours. As such, resolving the case now, rather than going through the time and expense of depositions, retention of expert witnesses, briefing on class certification and summary judgment, trial, and a potential appeal, made sense for both the Named Plaintiff and the prospective class members. The matter then resolved after arms-length negotiations carried out through Dave Vogel, an experienced wage and hour mediator. At the time the matter resolved, serious questions of fact and law existed—in particular, whether the Plaintiffs fell under the motor carrier exception to the FLSA overtime provision—that placed the ultimate outcome of the litigation in doubt. Given those uncertainties, along with the time and expense required to take the case to trial and appeal, the settlement now provides more certain value and recovery that outweighs the potential recovery in light of the risks of moving forward.

The settlement offers a significant payment to the Plaintiffs and participating class members now. Participating class members will receive meaningful awards after costs and attorneys' fees depending on the amount of overtime hours worked during the class period. Under these circumstances, a presumption of fairness should attach to the proposed settlement. *See Lynn's Food Stores*, 679 F.2d at 1354 (courts rely on the adversarial nature of a litigated FLSA case resulting in a settlement as indicia of fairness); *see also In re BankAmerica Corp. Securities Litig.*, 210 F.R.D. 694, 700 (E.D. Mo. 2002) ("In evaluating the settlement, the Court should keep in mind the unique ability of class and defense counsel to assess the potential risks and rewards of litigation; a presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arms-length negotiations between experienced, capable counsel after meaningful discovery") (citations omitted).

### C. A Collective Action should be certified for purposes of settlement administration

Under the FLSA, a Plaintiff may bring an action on behalf of him/herself and "other employee similarly situated." 29 U.S.C. § 216(b). "Plaintiffs may be similarly situated when they suffer from a single, FLSA-violating policy, and when proof of that policy or of conduct in conformity with that policy proves a violation as to all plaintiffs." *Bouaphakeo v. Tyson Foods, Inc.*, 765 F.3d 791, 796 (8th Cir. 2014). Plaintiff Seals seeks, and Defendant does not oppose, certification of this collective for purposes of settlement administration, consisting of

> all persons nationwide who were, are or will be employed by Defendant as Yard Hostlers who do not operate as a driver, driver's helper, loader or mechanic in interstate commerce from November 8, 2020 through November 8, 2023.

The class of Yard Hostlers employed by Defendant were similarly situated during the class period in that they performed the same or substantially similar jobs for Defendant, and were subject to the same policy that they would not receive overtime pay. Gully's defense, that its Yard Hostlers were exempt from overtime requirements under the Motor Carrier Exemption, was also common to the class. Furthermore, Mr. Seals is an adequate representative of the class, and his interests are not adverse to the class, because he was a yard hostler employed by Defendant and similarly situated to the unnamed class members during the class period.

### D. The proposed notice process should be approved

The Settlement Agreement, **Exhibit A**, sets out the notice process by which members of the class will be notified of this settlement and their rights to participate. Within ten days of the Court's order approving the settlement, Defendant will provide Plaintiff's counsel with a list of the last known addresses and email addresses for the five members of the settlement class. Plaintiffs' counsel, as settlement administrator, will calculate the Settlement Awards to go to each class member, and will send out notice to the prospective class members within 30 days. The notice

form is attached as **Exhibit C**. The form notifies the class members of the settlement terms, how they can participate in the settlement, what claims they are releasing by doing so, and how they can decline participation and retain their rights to bring their claims separately. Class members will then have 30 days to return the opt-in consent form attached as **Exhibit D** in order to participate in the class. Any opt-in forms received will be filed with the Court (with certain identifying information redacted), and settlement checks will then be distributed.

Under the circumstances, the notification process outlined above and set forth in detail in the Settlement Agreement is a fair and economical way to provide prompt notice to all class members of their rights in this case.

### E. The proposed service award to Mr. Seals is reasonable and should be approved

Plaintiffs seek a service payment for the named Plaintiff, who provided invaluable service to the group, totaling $1,000.00. Named Plaintiff provided necessary evidence for the parties, counsel, and the Court, furthering the interests of the class as a whole. Named Plaintiff worked with Class Counsel before and throughout this litigation in pursuing these claims on behalf of class members, including providing documents, and attending mediations.

The reason for this service payment, is to ensure that those individuals who chose to participate and provided invaluable information about Defendant, its policies, procedures, and information regarding the Defendant, are compensated for the risk that they undertook in bringing this action. But for his actions, Defendants would have retained the benefit of its alleged failure to pay overtime. The Named Plaintiff should be rewarded to encourage others who would be subject to future FLSA violations to assert their rights to fair pay under federal wage law.

Courts recognized that the risk, time and dedication that an individual devotes to a lawsuit that inures to the common benefit of others warrants a service award above-and-beyond what the

typical class member is receiving. *See Tussey v. ABB, Inc.*, 06-04305-CV-C-NKL, 2012 WL 5386033 (W.D. Mo. Nov. 2, 2012) (approving $25,000 service awards for the three class representatives); *Wolfert v. UnitedHealth Group, Inc.,* No. 4:08CV01643(TIA), at *4 (E.D. Mo. Aug. 21, 2009) (approving an incentive award of $30,000); *Matheson v. T-Bone Rest.*, LLC, 2011 WL 6268216, at *9 (S.D.N.Y. Dec. 13, 2011) (approving $45,000 service award to named plaintiff in tip pool/OT case settlement after two and a half years of litigation); *Mentor v. Imperial Parking Sys., Inc.*, 2010 WL 5129068, at *5 (S.D.N.Y. Dec. 15, 2010) (approving $40,000 service award to named plaintiff in FLSA settlement after five years of litigation); *Willix v. Healthfirst, Inc.*, 2011 WL 754862, at *7 (E.D.N.Y. Feb. 18, 2011) (approving $30,000 service award to named plaintiff in FLSA settlement after three years of litigation); *Flores v. Anjost Corp.*, 2014 WL 321831, at *9 (S.D.N.Y. Jan. 29, 2014) (approving $25,000 service awards for five named plaintiffs in FLSA settlement after three years of litigation); *Duchene v. Michael Cetta, Inc.*, 2009 WL 5841175, at *3 (S.D.N.Y. Sept. 10, 2009) (approving $25,000 service award to named plaintiff in tip pool case settlement after three years of litigation); *Capsolas v. Pasta Res. Inc.*, 2012 WL 4760910, at *9 (S.D.N.Y. Oct. 5, 2012) (approving $20,000 service award for named plaintiff in tip credit case settlement after two years of litigation). In light of the above, Plaintiff requests that the service award of $1,000 be approved.

  **F. The attorneys' fee portion of the settlement is not reviewable.**

  The Eighth Circuit held in *Barbee v. Big River Steel, LLC* that "any authority for judicial approval of FLSA settlements . . . does not extend to review of settled attorney fees." 927 F.3d 1024, 1027 (8th Cir. 2019). As such, the Parties seek review and approval only of the $16,855.95 portion of the settlement (inclusive of $15,855.95 to be distributed to the class, and the $1,000.00 service award sought for Mr. Seals) that will be distributed to members of the class.

## IV. Conclusion

For the reasons set forth herein, Plaintiffs request, and Defendant does not oppose, that the Court find the settlement reached by the Parties to be a fair and reasonable settlement of a bona fide wage and hour dispute, CERTIFY the case as a collective action for purposes of settlement administration, and APPROVE the settlement and notice process outlined above.

**HKM EMPLOYMENT ATTORNEYS LLP**

By: /s/ Kevin A. Todd

| | |
|---|---|
| John J. Ziegelmeyer III | MO No. 59042 |
| Brad K. Thoenen | MO No. 59778 |
| Kevin A. Todd | MO No. 73048 |
| Ethan A. Crockett | MO No. 74921 |

jziegelmeyer@hkm.com
bthoenen@hkm.com
ktodd@hkm.com
ecrockett@hkm.com
1501 Westport Road
Kansas City, Missouri 64111
816.875.9339

and

**The Hodgson Law Firm, LLC**

Michael Hodgson   MO Bar No. 63677

3609 SW Pryor Road
Lee's Summit, MO 64082
Tel: 816.600-0117
Fax: 816.600-0137
mike@thehodgsonlawfirm.com

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that on June 12, 2024, a copy of the foregoing was served via the Court's electronic filing system on all counsel of record.

                /s/ *Kevin A. Todd*
                Attorney for Plaintiff